UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRONWYN MCCANT,

                 Petitioner,

vs.                                            Case No.   2:11-cv-306-FtM-29UAM

SECRETARY, DOC and FLORIDA ATTORNEY
GENERAL,

                 Respondents.
_____

## OPINION AND ORDER

### Status

Petitioner Browyn McCant initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on May 18, 2011.  Respondent filed a Response (Doc. #15, Response) to the Petition and supporting exhibits (Doc. #16, Exhs. 16) consisting of, *inter alia*, the transcript of the plea colloquy and postconviction pleadings.  Petitioner filed a Reply (Doc. #21, Reply). This matter is ripe for review.

### Procedural History

Petitioner was charged with second degree murder with a firearm (count one), aggravated assault on a law enforcement officer (count two), and fleeing and eluding a law enforcement officer at high speed or with wanton disregard (count three).  See Exh. 1.  After this jury trial commenced, Petitioner entered a guilty plea to the lesser offense of manslaughter with a firearm with regard to count one; and, guilty as charged with regard to count three.  In return, the state

*nolle prossed* the aggravated assault charge (count two). See id. at 166; see also Exh. 2.

On February 4, 2009, Petitioner was adjudicated guilty in accordance with the terms of his plea and sentenced to 15 years in prison followed by 15 years probation on count one and a concurrent 15-year prison term was imposed on count two. See Id.; see also Exh. 3. Petitioner did not file a direct appeal, but later filed other collateral motions (a Rule 3.853 requesting DNA examination, a Rule 3.850, and a Rule 3.800(a)). See Response at 2-3; Exhs. 5, 6, 10, 16. Petitioner then initiated the instant § 2254 Petition.

### Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 473-475 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474-475; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

Post-AEDPA law governs this action. Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir.

2007).[1] A federal court may entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). Questions of state law are generally insufficient to warrant review or relief by a federal court under § 2254. Estelle v. McGuire, 502 U.S. 62, 68 (1991); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000). Questions of state law are only reviewed to determine whether the alleged errors rendered "the entire trial fundamentally unfair." Carrizales, 699 F.2d at 1055.

Where a petitioner's claim raises a federal question that was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision. See Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] The AEDPA imposes a one-year statute of limitations on § 2254 actions. 28 U.S.C. § 2244(d). Respondent concedes that the Petition is timely filed in this Court. Response at 2. The Court agrees that the Petition is timely.

28 U.S.C. § 2254(d). See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002). See also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. Thaler v. Haynes, 559 U.S. 43, 47 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y Dep't of Corr., 690 F.2d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). In cases where nothing in the Supreme Court's jurisprudence addresses the issue on point or the precedent is ambiguous and gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to, or constitutes an unreasonable application of, "clearly established Federal law."

Wright v. Van Patten, 552 U.S. 120, 126(2008); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. Brown, 544 U.S. at 141; Mitchell, 540 U.S. at 15-16. Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520). The

"unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003)(citation omitted); Mitchell, 540 U.S. at 17-18. Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004). Thus, the state court's decision is not subject to federal review *de novo*; rather, § 2254(d)(1) relief is only available upon a showing that the state court decision meets the "objectively unreasonable" standard. Id. at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Where the credibility of a witness is at issue, relief may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question. Rice v. Collins, 546 U.S. 333, 338 (2006). Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91. This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations

of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001)(citation omitted).

Here, Petitioner challenges his plea-based judgment and argues that trial counsel rendered ineffective assistance by: (1) failing to move to suppress in-court identification; and (2) failing to develop the theory of self defense by doing DNA testing on the deceased victim's hands for Petitioner's DNA. See Petition.

A federal habeas court reviews a state court guilty plea only for compliance with federal constitutional protections. "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: 'If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.'" Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991)(other citations omitted). For a guilty plea to be entered knowingly and intelligently, "'the defendant must have not only the mental competence to understand and appreciate the nature and consequences of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the legal options and alternative that are available.'" Finch v. Vaughn, 67 F.3d 909, 914 (11th Cir. 1995)(citations omitted)(emphasis in original).

Ineffective assistance of counsel may require that a plea be set aside on the ground that it was involuntary because voluntariness

implicates not only threats and inducements but also ignorance and incomprehension. See Hill v. Lockhart, 474 U.S. 52, 56 (1985)(quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)) (noting that the "longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"). However, a knowing and voluntary plea waives all constitutional challenges to a conviction, including a claim of ineffectiveness of counsel. Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); see also Hutchins v. Sec'y Dep't of Corr., 273 F. App'x 777 (11th Cir. 2008)(affirming district court's dismissal of a petition challenging effectiveness of counsel when the plea was knowingly and voluntary entered).

Here, the record shows that the trial court found Petitioner's plea was entered knowingly and voluntarily and this Court gives deference to the state court's determination. See Exh. 1 at 166-189. The facts presented by the prosecutor at the plea hearing are as follows: The trial transcript reflects that the trial judge and counsel asked Petitioner a series of questions prior to accepting the plea. See Id. The transcript from the plea hearing shows that Petitioner was present when counsel told the Court that Petitioner was entering the plea. Id. at 169. Petitioner stated under oath that he discussed the case with his attorney, his lawyer explained all of his rights to him with respect to the plea, and he understood what his

sentence would be if he plead guilty to the charges even prior to the plea colloquy. Id. at 170-74. Petitioner stated that he was not under the influence of any substance, was not coerced or threatened to enter the plea, and that he read his plea form. Id. at 172, 176. Petitioner answered affirmatively that he believed the plea was in his best interests and that he understood his constitutional rights. Id. at 173-75. Petitioner further answered the affirmative that, by entering the plea and waiving his rights, that he would forever waive his rights to appeal or challenge any of the issues of the case, either the facts of the case or the legality of any decisions reached, except to the extent any claims were reserved by the plea agreement. Id. at 175-77. The record shows that Petitioner reserved no claims. Id. at 175. Petitioner specifically recognized that by entering the guilty plea, he would be waiving any DNA evidence to the extent any may have existed. Id. at 179-180.

Based on the foregoing, it is clear that Petitioner knowingly and voluntarily plead guilty to the offenses for which he was convicted, thereby waiving these ineffective assistance of counsel claims that arose prior to entry of the plea. Petitioner understood the nature of the charges and believed it was in his best interests to enter the negotiated guilty plea agreement. See generally Exh. 1 (plea colloquy); Exh. 2 at 3 (plea form).

ACCORDINGLY, it is hereby

**ORDERED:**

 1. The Petition for Writ of Habeas Corpus is **DENIED**.

 2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citation and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this __8th__ day of May, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

sa: alr
Copies: All Parties of Record